NOT DESIGNATED FOR PUBLICATION

Nos. 127,147
127,148

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

PRISCILLA RENEE KANE,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER MAGANA, judge. Submitted without oral argument. Opinion filed June 27, 2025. Affirmed.

*Jennifer C. Roth*, of Kansas Appellate Defender Office, for appellant.

*Kristi D. Allen*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.


Before MALONE, P.J., SCHROEDER and GARDNER, JJ.


PER CURIAM: Priscilla Renee Kane appeals the district court's order revoking her probation in two cases consolidated on appeal. Kane claims the district court violated the intermediate sanctions scheme at an earlier hearing which led to the court erroneously revoking her probation and imposing prison sentences. Although we agree with Kane that the district court erroneously ordered an intermediate sanction at an earlier hearing, we conclude the error did not affect the court's authority to later revoke Kane's probation when she committed another violation. Thus, we affirm the district court's judgment.

1

On February 18, 2020, in case No. 19CR3415 (Case 1), Kane pled guilty to one count each of burglary, misdemeanor battery, and misdemeanor theft. She absconded and initially failed to appear for sentencing. Kane was eventually arrested and on June 7, 2022, the district court sentenced her to a controlling term of 17 months' imprisonment for the burglary conviction and 18 months in jail for the misdemeanor convictions but granted probation for 24 months to be supervised by community corrections.

On September 20, 2022, in case No. 20CR1860 (Case 2), Kane pled guilty to one count each of criminal possession of a weapon and felony theft. On October 26, 2022, the district court imposed a controlling sentence of 24 months' imprisonment but granted probation for 18 months to be supervised by community corrections. The district court ordered the sentence in Case 2 to run consecutive to the sentence in Case 1.

In March 2023, the State alleged Kane violated her probation in each case by submitting a urine sample that tested positive for methamphetamine and by failing to begin drug and alcohol treatment as ordered. The district court held a probation violation hearing on April 14, 2023, and Kane admitted to the positive drug test. At the hearing, the district court acknowledged that it had imposed a 48-hour quick dip for Kane's earlier failure to begin treatment but that Kane never served the sanction because her Intensive Supervision Officer (ISO) never told Kane about the order. The district court ultimately considered that unserved quick dip as "immaterial at this point" and resolved to "get [Kane] on the sanctions track" moving forward. There is no documentary record of the 48-hour quick dip in the record, including the journal entries in either case.

The district court imposed a somewhat unusual intermediate sanction order at the hearing. First, the district court imposed a three-day quick dip jail sanction in each case to be served consecutively for a total of six days in jail. Second, the district court imposed

2

an additional 60-day jail sanction in each case to run concurrent to each other, but consecutive to the quick dips for a total of 66 days in jail between the two cases. The district court also ordered Kane to serve 60 days of GPS house arrest after she served the jail sanctions and extended her probation in each case.

On November 29, 2023, the State issued a warrant alleging that Kane failed to report to her ISO twice as directed, submitted a urine sample that tested positive for methamphetamine, failed to be actively involved in drug and alcohol treatment, and failed to be actively involved in peer mentorship. The district court held a probation violation hearing on December 21, 2023. Kane admitted to the allegations and the district court found she violated her probation in each case. The district court again recounted that it had first ordered a 48-hour quick dip, but her ISO did not inform Kane of that order and the sanction was never served. After hearing from the attorneys and Kane, the district court revoked Kane's probation in each case and imposed the original sentences. In doing so, the district court found that Kane had completed "multiple intermediate sanctions before today's date." In a box titled "Violation Sanction History" in the journal entry in each case, only the 3-day quick dips and the 60-day jail sanctions were included. Kane timely appealed the district court's judgment. This court consolidated the appeals.

ANALYSIS

Kane's only claim on appeal is that the district court violated the graduated sanctions scheme in K.S.A. 22-3716(c) through the manner in which it imposed intermediate sanctions, which resulted in a lack of authority to later revoke her probation. Kane argues that the district court violated K.S.A. 22-3716(c)(9) at the April 14, 2023 probation violation hearing by imposing the 60-day jail sanctions at the same time it imposed the 3-day quick dips. And she also argues that the district court violated K.S.A. 22-3716(c)(8) at the same April 2023 probation violation hearing by imposing the 3-day quick dips consecutively and by imposing the 60-day jail sanctions consecutive to the

3

quick dips because that subsection requires the court to impose concurrent sanctions when a defendant is serving two probations at the same time. The State asserts that because Kane was previously sanctioned for an admitted probation violation, the district court did not abuse its discretion when it revoked her probation and imposed the original prison sentences after she admitted to again violating her probation.

Although Kane did not timely appeal the sanctions she now claims violated K.S.A. 22-3716, she may raise the issue in this direct appeal of her probation revocation. See *State v. Wilson*, No. 121,729, 2020 WL 5083545, at *3 (Kan. App. 2020) (unpublished opinion), *rev'd on other grounds by* 314 Kan. 517, 501 P.3d 885 (2022). The State does not challenge the preservation of Kane's issue on appeal.

The procedure for revoking a defendant's probation is governed by K.S.A. 22-3716. "Once a probation violation has been established, the district court's decision to revoke the offender's probation and impose the original sentence is discretionary unless otherwise limited by statute." *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Bilbrey*, 317 Kan. 57, 63, 523 P.3d 1078 (2023). The party asserting an abuse of discretion bears the burden to show it. *State v. Keys*, 315 Kan. 690, 708, 510 P.3d 706 (2022). To the extent Kane's claim requires statutory interpretation, we exercise unlimited review. *State v. Coleman*, 311 Kan. 332, 334-35, 460 P.3d 828 (2020).

K.S.A. 22-3716, which has not been amended since before Kane committed the crimes in both Case 1 and Case 2, establishes the graduated sanctions scheme that courts must follow when imposing sanctions or revoking probation for probation violations. K.S.A. 22-3716(c)(1)(B) grants the district court authority to impose two- or three-day intermediate jail sanctions, also known as quick dips. The total of all such sanctions imposed under subsection (c)(1)(B) shall not exceed 18 days during the term of an

4

offender's probation. Under K.S.A. 22-3716(c)(1)(C), district courts have the authority and discretion to revoke an offender's probation if a violation is established and "if the violator already had a sanction imposed pursuant to subsection (c)(1)(B)."

Under K.S.A. 22-3716(c)(8): "If an offender is serving multiple probation terms concurrently, any violation sanctions imposed pursuant to subsection (c)(1), or any sanction imposed pursuant to subsection (c)(9), shall be imposed concurrently."

K.S.A. 22-3716(c)(9) provides:

> "If the original crime of conviction was a felony, except for violations of K.S.A. 8-1567 or 8-2,144, and amendments thereto, and the court makes a finding that the offender has committed one or more violations of the release conditions of the probation, assignment to a community correctional services program, suspension of sentence or nonprison sanction, the court may impose confinement in a county jail not to exceed 60 days upon each such finding. Such confinement is separate and distinct from the violation sanctions provided in subsection (c)(1) and shall not be imposed at the same time as any such violation sanction."

Kane argues that the district court's intermediate sanctions at the April 14, 2023 probation violation hearing were not imposed according to subsections (c)(8) and (c)(9). Regarding (c)(9), Kane argues the district court abused its discretion by imposing the 60-day jail sanctions at the same time it imposed the 3-day quick dips. As to (c)(8), Kane argues the district court abused its discretion by imposing the 3-day quick dips consecutively and by imposing the 60-day jail sanctions consecutive to the quick dips because that subsection requires the court to impose concurrent sanctions when a defendant is serving two probations at the same time. As a result of these violations, Kane argues that the district court abused its discretion and lacked authority to revoke her probation when she admitted to new violations on December 21, 2023.

5

*Alleged violation of subsection (c)(9)*

We begin our analysis with the 60-day sanctions under K.S.A. 22-3716(c)(9). Subsection (c)(9) allows the district court to impose up to a 60-day jail sanction in felony cases when it finds the defendant has violated the release conditions of probation. The statute then describes that such sanctions are "separate and distinct" from sanctions under subsection (c)(1), and "shall not be imposed at the same time as any such violation sanction." K.S.A. 22-3716(c)(9). Kane focuses on that language to argue that the district court lacked authority to impose the 60-day sanctions because it ordered the sanctions at the same time as it ordered the quick dips under subsection (c)(1). The State agrees with Kane's interpretation and concedes that the district court violated K.S.A. 22-3716(c)(9) by imposing a 60-day jail sanction and the quick dips together at the same hearing.

The district court interpreted the "at the same time" language to mean it may not order Kane to serve the (c)(9) sanctions concurrent to a (c)(1) sanction, but it may impose the sanctions together at the same violation hearing. In the probation violation hearing journal entries, the district court included a note specifying that it made the 60-day jail sanctions consecutive to the quick dips because it was prohibited from imposing the two sets of sanctions at the same time. There does not appear to be caselaw directly addressing which interpretation is correct.

We need not resolve which interpretation is correct because the 60-day sanctions under subsection (c)(9) are inconsequential to the issue here: whether the district court had authority to revoke Kane's probation when she admitted to new violations at the December 21, 2023 hearing. That is because a sanction under subsection (c)(9) is "separate and distinct" from a graduated sanction under subsection (c)(1) for the purpose of probation revocation. K.S.A. 22-3716(c)(9). Whether the district court imposed a valid sanction under (c)(9) does not affect whether the district court imposed a valid intermediate sanction under (c)(1) to support the probation revocation. This conclusion is

6

also supported by the plain language of K.S.A. 22-3716(c)(1)(C), which authorizes the district court to revoke an offender's probation if a violation is established and "if the violator already had a sanction imposed pursuant to subsection (c)(1)(B)." A sanction imposed under subsection (c)(9) has nothing to do with it.

This court reached the same conclusion in *State v. Inchaurigo*, No. 125,329, 2023 WL 8295259, at *2 (Kan. App. 2023) (unpublished opinion) (finding an erroneously imposed sanction under subsection [c][9] had "no direct bearing" on whether the district court erred in revoking probation because it was separate and distinct from a sanction under subsection [c][1]). Therefore, even assuming without deciding that the district court lacked authority to impose the 60-day sanctions under K.S.A. 22-3716(c)(9), we find any error associated with those sanctions irrelevant to the ultimate question here of whether the district court abused its discretion by later revoking Kane's probation.

*Alleged violation of subsection (c)(8)*

The remaining and more pressing question is whether the three-day quick dip jail sanctions imposed under subsection (c)(1)(B) granted the district court the authority to later revoke Kane's probation. Kane argues that the district court violated K.S.A. 22-3716(c)(8) when it imposed the quick dips to run consecutive because that subsection requires the district court to impose concurrent sanctions under (c)(1) and (c)(9) if the defendant is serving probation in two cases at the same time. The State does not dispute that Kane was serving the probation in her two cases at the same time.

Under the plain language of the statute, the district court erred by imposing consecutive quick dips at the April 14, 2023 probation violation hearing. It should have done so concurrently. The State concedes this error in its brief. Kane does not dispute that she violated her probation or that the district court had authority to impose the quick dips. She merely argues that the quick dips should not have been consecutive.

7

The State counters that even though the district court erred in making the quick dips consecutive, Kane still received the intermediate sanction she was entitled to receive and so the district court had authority to later revoke her probation. The question we must decide in this appeal is whether the district court's order imposing consecutive rather than concurrent quick dips contrary to subsection (c)(8) rendered the sanctions completely invalid so they could not support the later probation revocation.

Kane cites *State v. Clapp*, 308 Kan. 976, 425 P.3d 605 (2018), to support her claim that the consecutive quick dips rendered the sanctions completely invalid so they could not support the later probation revocation. Clapp was on probation for a felony under the pre-2019 intermediate sanctions scheme which called for a 2- or 3-day quick dip jail sanction followed by a 120- or 180-day prison sanction, known as a dunk, before the district court could revoke an offender's probation unless some other exception applied. See K.S.A. 2014 Supp. 22-3716(c)(1). Clapp violated his probation, and the district court imposed as a first intermediate sanction a 180-day prison sanction, which was the most severe sanction at the time. When Clapp violated his probation a second time, the district court revoked his probation. 308 Kan. at 977-79.

The Kansas Supreme Court overturned the revocation. In doing so, it found that the district court lacked authority to impose the 180-day prison sanction because the statute required as a condition precedent that the district court first impose a quick dip jail sanction. Because the district court had not imposed any such lesser sanction, it had no authority to impose the 180-day prison sanction. Because no valid intermediate sanction supported the probation revocation, the Supreme Court concluded the district court erred in revoking Clapp's probation. 308 Kan. at 982-88.

Kane argues that *Clapp* is similar to her case where the district court here lacked authority to impose any of the sanctions, and therefore it had no authority to revoke her probation. But *Clapp* is distinguishable. The statute in *Clapp* required a lesser sanction to

8

be imposed before the imposition of the 180-day prison sanction. Because that condition precedent was not met, the district court lacked authority to impose the 180-day prison sanction. As a result, the district court had imposed no valid intermediate sanction before it later revoked Clapp's probation. That is not the case here. Kane does not dispute that the district court had the statutory authority to impose the quick dips generally. Kane received a valid three-day jail sanction in each case for her first probation violation—the district court's only error was running the sanctions consecutively. *Clapp* involved a different graduated sanctions scheme with different facts and a different legal issue.

Kane next cites *Wilson*, 314 Kan. 517, which involved a similar issue to *Clapp*. Wilson, also serving probation under the pre-2019 intermediate sanctions scheme, violated his probation and for the first violation, the district court imposed a 180-day prison sanction. Wilson violated his probation again and for the second violation the district court imposed a two-day quick dip jail sanction. In other words, the district court imposed the intermediate sanctions in reverse order. After yet another violation, the district court revoked Wilson's probation. *Wilson*, 314 Kan. at 518-19.

Wilson appealed and argued that the district court erred by the order in which it imposed the sanctions. He claimed the sanctions should have been imposed with graduated severity and not with the 180-day prison sanction first. The Kansas Supreme Court agreed with Wilson, and, similar to its holding in *Clapp*, found that the statute granted a district court authority to impose a 180-day prison sanction only after it had imposed a lesser sanction. Because the district court imposed the 180-day prison sanction first, it lacked the statutory authority to impose the sanction at all. Thus, the Supreme Court concluded the 180-day sanction could not count toward the graduated sanctions scheme and support the revocation of Wilson's probation. 314 Kan. at 523-24.

*Wilson* does not apply for the same reason *Clapp* does not apply. *Wilson* involved a situation where the district court had not satisfied an express statutory condition

precedent to trigger its authority to impose a 180-day prison sanction. And because it imposed a sanction it had no authority at all to impose, that sanction could not support probation revocation. But here, Kane does not dispute that the district court had the statutory authority to impose the three-day quick dips under subsection (c)(1)(B). There was no unsatisfied condition precedent as in *Wilson* or *Clapp*. Stated another way, *Wilson* and *Clapp* are distinguishable because in those cases the error in imposing the intermediate sanctions resulted in the district court having no statutory authority to later revoke the defendant's probation. That is not the situation here. And of course, the statutory intermediate sanctions scheme has been modified since *Wilson* and *Clapp* were decided and the 120- or 180-day prison sanction no longer exists. See K.S.A. 22-3716(c).

There is no language in K.S.A. 22-3716(c)(8) that purports to invalidate an otherwise valid two-day or three-day intermediate sanction imposed under subsection (c)(1). The district court had the authority to impose a quick dip sanction under subsection (c)(1)(B) for Kane's first probation violation and Kane does not dispute that fact. Because the subsection (c)(8) requirement is not a condition precedent to imposing a sanction under subsection (c)(1), it is not evident that the district court's error in running the sanctions consecutive renders them invalid to support a later probation revocation. It makes more sense to find the consecutive timing of the sanctions improper but the sanctions themselves still effective. The fact that Kane served three extra days of jail time does not invalidate the effect of the sanctions and the district court's authority to later revoke Kane's probation when she committed the second violation.

In sum, the district court needed to impose one intermediate sanction under K.S.A. 22-3716(c)(1)(B) before it could revoke Kane's probation in each case under subsection (c)(1)(C). She received the benefit of that sanction by way of the authorized imposition of two quick dip jail sanctions at the April 14, 2023 probation violation hearing. Although the sanctions should have been concurrent under subsection (c)(8), that error did not render the sanctions invalid so they could not support a later probation revocation. Thus,

10

the district court was authorized to revoke Kane's probation under subsection (c)(1)(C) when she admitted to new violations at the December 21, 2023 hearing.

Affirmed.